**WO**                                                                                                       SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Rocky Ross,<br><br>        Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>        Respondents. | No. CV 07-1783-PHX-SMM (MHB)<br><br>**ORDER** |

      Petitioner Rocky Ross, who is confined in the Arizona State Prison Complex-South, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc.# 1.)[1] He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.     Petition**

      On February 28, 2000, Petitioner pleaded no contest to two counts of attempted child molestation in Maricopa County Superior Court, case # CR 1998-004856, pursuant to a plea agreement.[2] On March 6, 2000, consecutive ten-year sentences were imposed and suspended and Petitioner was placed on probation.[3] On January 10, 2002, Petitioner admitted violation

---

[1] "Doc.#" refers to the docket number of filings in this case.

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/032000/m0112263.pdf.

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/112002/m0816540.pdf.

**TERMPSREF**

1  of the terms of probation.[4] At the disposition hearing on February 4, 2002, Petitioner was
2  reinstated to intensive probation, which was extended to lifetime.[5] On October 2, 2002,
3  Petitioner admitted another probation violation.[6] At the disposition hearing on November
4  5, 2002, the state court revoked Petitioner's probation and committed him to the Arizona
5  Department of Corrections to serve two consecutive ten-year terms.[7]

6  In his Petition, Petitioner names Dora B. Schriro and the Arizona Attorney General
7  as Respondents. Petitioner raises four grounds for relief. He alleges that his First
8  Amendment rights were violated by the lack of access to the courts to challenge his allegedly
9  unconstitutional convictions. Second, he alleges that his federal due process rights were
10 violated because the court refused to accept an exhibit that established his innocence. Third,
11 he alleges that he was denied the right to the effective assistance of counsel based on
12 counsel's failure to investigate and present evidence that he was out of state at the time of
13 the crime, i.e., actually innocent. Last, he alleges violation of his federal due process rights
14 claiming that the state court simultaneously violated his constitutional rights and convicted
15 an innocent man. The Court will require Respondents to answer the Petition. 28 U.S.C.
16 § 2254(a).

17 **II.    Warnings**
18      **A.    Address Changes**
19 Petitioner must file and serve a notice of a change of address in accordance with Rule
20 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
21 relief with a notice of change of address. Failure to comply may result in dismissal of this
22 action.
23 //
24

---

[4] See http://www.courtminutes.maricopa.gov/docs/Criminal/012002/m0528829.pdf.

[5] See http://www.courtminutes.maricopa.gov/docs/Criminal/022002/m0549614.pdf.

[6] See http://www.courtminutes.maricopa.gov/docs/Criminal/102002/m0783930.pdf.

[7] See http://www.courtminutes.maricopa.gov/docs/Criminal/112002/m0816540.pdf.

**B.     Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the Petition (doc.# 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3)     Petitioner may file a reply within 30 days from the date of service of the answer.

//

//

1  (4) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 20th day of November, 2007.

Stephen M. McNamee
United States District Judge